**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lawrence CAMPBELL, Jr.,
Defendant-Appellant.**

**No. 83–5072.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1983.

Decided Nov. 23, 1983.

W. Henry Haile (court-appointed), Rebecca Lyford (argued), Nashville, Tenn., for defendant-appellant.

Joe B. Brown, U.S. Atty., William M. Cohen (argued), Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

* Hon. S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

Before KEITH and MARTIN, Circuit Judges, and SPIEGEL *, District Judge.

PER CURIAM.

This is an appeal from a district court judgment which found the appellant guilty of forgery, conspiracy and possession of stolen U.S. Treasury checks.

On May 5, 1982, appellant, Larry Campbell, was visited by Secret Service agents at his apartment. According to the agents, Campbell was advised of his *Miranda* rights but made no inculpatory statement at that time. He was told to report to the Secret Service office in Nashville the next day. Campbell, as directed, appeared at the Secret Service office on May 6, 1982. During his visit, *Miranda* warnings were typed on the top of a statement where Campbell described his participation in the cashing of a single stolen government check.

Campbell heard nothing from the Secret Service until September 27, 1982. On that day, he was arrested by Secret Service Agent Bales on a warrant issued on an indictment and transported to the United States Courthouse where at approximately 2:25 p.m. he was brought before a United States Magistrate. The magistrate, in the presence of the Secret Service agents, advised Campbell of his *Miranda* rights. Campbell requested and was appointed an attorney.

After appearing before the magistrate, Campbell was taken to the Secret Service office in the United States Courthouse where he was interrogated further without the presence of his court appointed attorney. Campbell gave a statement during this interrogation which detailed his role in the operation of a check stealing ring and connected him to the negotiation of several government checks.

Once the trial on the charges commenced, Campbell filed a motion to suppress the statements that he had given to the Secret Service agents. After conducting a hearing

on the motion to suppress, the district court denied the motion. In a memorandum opinion in support of its decision, the district court ruled that Campbell knowingly, voluntarily and willingly waived his *Miranda* rights when he gave the statements to the Secret Service agents. These statements were later used as evidence in a bench trial to convict the appellant of the crimes for which he was charged. We do not agree with the district court's finding on this issue and reverse that decision for the reasons set forth below.

In *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court held that once an accused invokes his *Miranda* right to counsel, a valid waiver of that right cannot be shown by establishing only that the accused responded to police initiated interrogation after being again advised of his rights. The Court further stated that once an accused has expressed a desire to deal with the police only through counsel, he is not subject to interrogation until counsel has been made available to him unless the accused initiates further communications, exchanges, or conversations with the police. *Edwards,* 551 U.S. at 484, 101 S.Ct. at 1884. Obviously, the Supreme Court in *Edwards* was concerned that an accused have the opportunity to consult with counsel as he is entitled to do after invoking his *Miranda* rights.

It is this concern about the opportunity to consult with counsel that leads us to the conclusion that the Secret Service agents acted improperly in the present case. During his appearance before the magistrate, Campbell requested and counsel was appointed to represent him. Minutes after Campbell made his request for counsel, the Secret Service agents resumed their interrogation which resulted in a confession thirteen minutes after counsel had been requested. Such conduct by the Secret Service agents clearly manifests an indifference to, if not an intentional disregard for, an accused's Sixth Amendment right to counsel and Fifth Amendment right against self-incrimination.

This indifference to appellant's rights is even more pronounced considering that the Secret Service agents were present when Campbell requested counsel when appearing before the magistrate. It appears that the agents, knowing that counsel had been requested, ushered Campbell to their office for one last round of interrogation before he would have an opportunity to consult with counsel. Such conduct clearly violated the Supreme Court's mandate in *Edwards* and the resulting confession should have been suppressed.

The government contends that we should follow the Fifth Circuit decision, *Jordan v. Watkins,* 681 F.2d 1067 (5th Cir.1982). In *Jordan,* the Fifth Circuit ruled that a confession elicited from a criminal defendant by police was admissible where that confession was obtained after the defendant had requested counsel. The court found that the defendant had made a voluntary, knowing and intelligent waiver of his *Miranda* rights. It was also decided that the defendant's request for counsel was a request for the assistance of counsel in further proceedings and not a request for counsel during custodial interrogation. Thus, concluded the Fifth Circuit, the defendant's right to counsel under the Fifth and Sixth Amendments were not violated as a result of the solicitation of his confession. *Jordan,* 681 F.2d at 1070–75.

However, in the present case, unlike *Jordan,* we cannot agree that there was a voluntary, knowing and intelligent waiver of the defendant's Fifth Amendment right to counsel that is recognized in *Miranda* and *Edwards.* The Court stated in *Edwards* that a valid waiver of the right to counsel cannot be shown by establishing *only* that the accused responded to police initiated interrogation. The statement used to convict Campbell was obtained through interrogation that was initiated by the police. No evidence was presented to suggest that Campbell initiated any of the intercourse between the Secret Service and himself which resulted in the confession. Hence, *Edwards* would prevent a finding that Campbell validly waived his *Miranda* rights

and *Jordan* has no application to the present case.

Accordingly, the decision of the district court is reversed and remanded for a new trial that will exclude any statements given by appellant to the Secret Service agents after he requested counsel.